### COLBY & a. v. CATE & a.

Section 7 of chapter 183 of the General Statutes, relating to the rights of a widow in the estate of her deceased husband, was not repealed by chapter 41 of the Acts of 1872.

PETITION FOR PARTITION, alleging that the plaintiffs are seized of one undivided third part of two lots of land as tenants in common with the defendants, who are seized of the other two thirds. The plaintiffs claim under the will of Hepzibah Cate, and the defendants under the will of George W. Cate.

George W. Cate died in 1876, leaving Hepzibah his widow, and no lineal descendants. By his will he made provision for the support of his widow during her life, and devised his real estate to the defendants upon her decease. In January, 1877, Hepzibah filed in the probate court a writing waiving the provisions made for her in the will, and claiming in addition to dower and homestead one third part of the estate remaining after payment of debts and expenses of administration. Dower and homestead were assigned to her, and she occupied and enjoyed the same until her death. No part of the estate was set off to her in severalty and in fee, and she made no written claim therefor except as above stated. By her will, Hepzibah devised her real estate to the plaintiffs.

*Cross & Taggart* and *R. E. Walker*, for the plaintiffs.

*J. P. Bartlett* and *J. H. Andrews*, for the defendants.

CARPENTER, J. " The widow of every person deceased testate leaving no lineal descendant shall be entitled, in addition to her dower and homestead, to one third part of all the estate remaining after the payment of the debts and expenses of administration, if no provision is made for her by the will of the deceased, or if she shall waive such provision." Gen. Stats., c. 183, s. 7.

" If the deceased is intestate, and leaves no such lineal descendant, the widow shall be entitled to one half of all the estate remaining after payment of the debts and expenses of administration, including her dower and homestead." *Ibid.*, s. 8.

" If the widow in either of the cases aforesaid shall so elect, she shall be entitled, including her dower and homestead, to an amount of the estate remaining after payment of debts and expenses of administration, not exceeding that which the husband received from her or in her right during coverture." *Ibid.*, s. 9.

" The widow of any person deceased intestate leaving lineal descendants shall be entitled, in addition to her dower and homestead, to one third part of the personal estate after the payment of the debts and expenses of administration." *Ibid.*, s. 11.

" The widow of any testator deceased leaving lineal descendants,

if there is no settlement nor any provision made for her in his will, or if she shall waive such provision, shall be entitled, in addition to her dower and homestead, to a portion of the personal estate equal to that which a child would receive if such estate were equally shared between the widow and the children then surviving or leaving issue, not exceeding in any case one third of such estate." *Ibid.*, *s.* 12.

" In such case the widow, if she so elects, shall be entitled to one third of the personal estate not disposed of by the will. *Ibid.*, *s.* 13.

" The widow of every person deceased testate or intestate, whether leaving lineal descendants or not, by waiving her right of dower and homestead and releasing her distributive share, shall be entitled to receive instead thereof one third part of all the estate remaining after the payment of the debts and the expenses of administration, if no provision is made for her by the will of the deceased, or if she shall waive such provision." Laws of 1872, *c.* 41.

The plaintiffs claim under section 7, above cited. The question is, whether it was repealed by the Act of 1872. This statute covered all the cases mentioned in the six cited sections. If it repealed section 7, it repealed all of them. Sections 7, 8, and 9 provided for the widow of a person deceased testate or intestate leaving no lineal descendants. Sections 11, 12, and 13 provided for the widow of a person deceased testate or intestate leaving lineal descendants. Under all of them she took her dower and homestead, and if the estate was sufficient, something in addition. The Act of 1872 made provision for the widow in all the cases mentioned in those sections. In all of them, by waiving her dower and homestead and releasing her distributive share, she could take one third of the estate. There is no more reason for the claim that one of the sections was repealed, than that all of them were. The General Statutes made no provision save dower and homestead for the widow of a person deceased, except in those sections. No distributive share, so-called, of his estate was elsewhere given to her. If they were repealed, the requirement in the Act of 1872, that she release her distributive share, had no meaning or significance, because she was entitled to no distributive share.

Under the Act of 1872, a widow could in no case take in her husband's estate anything more than her dower and homestead, unless she elected to waive those rights. It is not probable that the legislature intended that a widow who insisted upon those valuable rights secured to her by law (Gen. Stats., *c.* 124, *s.* 1—*c.* 183, *s.* 2) in her husband's real estate, should be entitled to no other portion of his property, however large it might be.

There was no inconsistency between the provisions of the Act of 1872 and of the General Statutes. If the former had contained the usual section repealing all acts and parts of acts inconsistent with it, no one of the six sections would have been affected. The

fact that it contains no repealing clause is an indication that the legislature did not understand the act to be inconsistent with the existing statutes. The General Statutes conferred no authority upon the widow to waive her dower and homestead, but gave her in addition to them a right to other property. The Act of 1872 did not require, but authorized, her to waive her dower and homestead, and to release all other rights to which she was entitled under the General Statutes, and made provision for her in case she elected to do so. It gave her the option to take under its provisions, or under those of the General Statutes.

*Judgment for the plaintiffs.*

SMITH and CLARK, JJ., did not sit: the others concurred.